### COALE v. BENNETT et al.

(City Court of New York, General Term. May 28, 1900.)

CUSTOM—EVIDENCE—COMPETENCY.
  Plaintiff's evidence that it had been her individual custom for 13 years to charge five dollars for adjournments, when she was employed as a stenographer to take testimony in a lawsuit, was incompetent as evidence of a general custom rendering defendants liable for such charges, since, to establish a custom, it must be shown that it is general, uniform, and known.

Appeal from trial term.

Action by Elsie R. Coale against Daniel H. Bennett and Hiram C. Bennett. From a judgment in favor of plaintiff, and from an order denying a new trial, defendants appeal. Reversed.

Argued before FITZSIMONS, C. J., and SCHUCHMAN, J.

J. Woolsey Shepard, for appellants.
Rudolph Loreck, for respondent.

SCHUCHMAN, J. This action is brought to recover $200.85, against all of the defendants, for alleged professional services rendered as stenographer, and for adjournments upon a reference. The only question in dispute is the alleged service for adjournments. The

charge made for stenographer's fees and transcribing minutes of the testimony has not been questioned. There was no agreement in writing or stipulation, it is admitted, as to the payment of fees for adjournments. The proofs at the trial show that one-half of the claim set up in the complaint was paid by other parties interested, and that only one-half, namely, $100.43, is claimed in this action against the present defendants. There being no agreement, the plaintiff sought to establish her claim as to adjournments by attempting to prove a custom,—that it was her usual custom to charge for such adjournments at the rate of $5 each. All questions in relation to this custom were objected to, and the allowance thereof excepted to; and repeated motions were made to strike out the answers given, and the denials thereof excepted to. To establish a custom, it must be shown that it is general, uniform, and known. This the evidence in this case fails to show. What the plaintiff charged for adjournments during 13 years past is not competent to establish a custom. There being no evidence competent to establish a custom, the trial justice erred in submitting the case to the jury on the question of custom.

Judgment and order appealed from reversed, and new trial ordered, with costs and disbursements to the appellant to abide the event.

FITZSIMONS, C. J., concurs.